IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS EUGENE DUNHAM #1850265 | § | |
| | § | |
| V. | § | A-15-CA-1018-RP |
| | § | |
| DALE WAINWRIGHT, TERRELL McCOMBS, LEOPOLDO VASQUEZ, THOMAS FORDYCE, ERIC GAMBRELL, LARRY GIST, LARRY DON MILES, DERRELYNN PARRYMAN, and THOMAS WINGATE | § § § § § § § | |

**ORDER**

Before the Court are Plaintiff's amended complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 26); Plaintiff's "Dispositive Motion" (Document 49); Defendants' Response (Document No. 63); Defendants' Amended Motion for Summary Judgment (Document No. 68); and Plaintiff's "Motion to Quash Defendants' Amended Motion for Summary Judgment," construed as a response thereto (Document No. 88). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

1

# I. BACKGROUND

Plaintiff is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging the Texas Department of Criminal Justice Board Policy 03.91 (rev. 3) is unconstitutional and violates *Guajardo v. Estelle*, 568 F. Supp. 1354 (S.D. Tex. 1983). Specifically, Plaintiff alleges Board Policy 03.91 (rev. 3) unconstitutionally limits the amount of indigent postage and mail supplies he may receive at the state's cost, and the policy unconstitutionally charges indigent offenders for postage and supplies should they later obtain funds in their inmate trust accounts. Plaintiff complains the policy unconstitutionally interferes with his right to send general correspondence and legal mail. Plaintiff sues each of the nine members of the Texas Board of Criminal Justice. He seeks declaratory and injunctive relief and monetary damages.

With regard to indigent postage, Board Policy 03.91 (rev. 3) (revised August 23, 2013) provides:

> Postage and stationery for mail from indigent offenders may be secured through the warden's designee. Postage and stationery shall be made available at regular intervals to indigent offenders, including those in administrative segregation. Postage and stationery shall be furnished to an indigent offender for correspondence to any special correspondent listed in these rules and to any attorney or legal aid society. An indigent offender may use indigent postage to send five one-ounce domestic letters *per month* to general correspondents and five items per week to legal or special correspondents. An offender may send extra letters to general, legal, or special correspondents using indigent postage if requested for a legitimate reason and approved by the warden.
>
> Funds expended by the TDCJ for postage and stationary for indigent offenders shall be recouped by the TDCJ from funds later deposited in the offender's ITF account.

Previously, Board Policy 03.91(rev. 2) (revised February 11, 2010) provided an indigent offender may use indigent postage to send five one-ounce domestic letter *per week* to general correspondents

and five items per week to legal or special correspondents. Prior to June 1, 2004, Board Policy 03.91 allowed an indigent offender to use indigent postage to send five items of general correspondence per week and unlimited legal correspondence.

Defendants move for summary judgment arguing Plaintiff's claims are barred by *res judicata*. Defendants additionally assert Plaintiff's claims against Defendants' in their official capacities for damages are barred by Eleventh Amendment immunity. With respect to Plaintiff's claims brought against them in their individual capacities, Defendants assert their entitlement to qualified immunity.

## II. ANALYSIS

### A. Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must

---

[1] Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

establish every essential element of its claim or affirmative defense. *Id.* at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita*, 475 U.S. at 586)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994).

B.    *Res Judicata*

Relying on *Guajardo v. Tex. Dep't Crim. Just.*, 363 F.3d 392 (5th Cir. 2004), Defendants argue Plaintiff's claims are barred by *res judicata*. In *Guajardo*, the court certified a class of all present and future inmates incarcerated in TDCJ. The parties in the case entered a consent decree regarding many aspects of inmate correspondence rules. With regard to indigent postage rules, the parties agreed (1) inmates may receive indigent postage for five one-ounce legal letters per week for general correspondence, (2) the rule shall provide for additional postage for good cause shown, such

4

as legal matters. The consent decree terminated in 2004, after the passage of the Prison Litigation Reform Act, 42 U.S.C. § 1997, upon a finding that the TDCJ correspondence rules were constitutionally valid and no ongoing violations justified continuation of the consent decree. *Guajardo v. Tex. Dep't Crim. Just.*, 363 F.3d 392 (5th Cir. 2004).

"Once a final judgment on the merits of a prior action is entered, the parties and those in privity with them may not relitigate issues that either were or at least could have been brought in the action." *Cooper v. Int'l Offshore Servs.*, L.L.C., 390 Fed. Appx. 347, 351 (5th Cir. 2010) (relying on *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)). The correspondence policy approved in *Guajardo* is not the same as Board Policy 03.91 (rev. 3). Therefore, Plaintiff's claims are not barred by *res judicata*.

    C.    <u>Eleventh Amendment Immunity</u>

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (1994).

However, the Eleventh Amendment does not apply to a request for a federal court to grant prospective injunctive relief against state officials on the basis of federal claims; thus, a request for prospective injunctive relief against state officials or employees in their official capacities falls

within an exception to Eleventh Amendment immunity. *See Ex parte Young*, 209 U.S. 123, 149 (1908). As explained below, Plaintiff has failed to establish a constitutional violation and is not entitled to injunctive relief.

> D. <u>First Amendment</u>
>
>> 1. *Legal Mail*

Plaintiff alleges Board Policy 03.91(rev. 3) unconstitutionally interferes with his right to send legal mail. In order to have standing to claim the policy constitutes a denial of his right of access to the courts, Plaintiff must demonstrate an actual injury stemming from the alleged unconstitutional policy. *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the prisoner plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir.1999). "Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. The Constitution only requires that prisoners be able to present their grievances to the courts and, therefore, neither frivolous filings nor secondary litigation activity, such as legal research and writing that does not involve preparation of lawsuits challenging the inmate's own conviction(s) or the conditions of his or her confinement, may form the basis for a claim. If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992).

Plaintiff has not demonstrated an actual injury stemming from Board Policy 03.91 (rev. 3). Plaintiff claims he missed a deadline in *Dunham v. Livingston*, No. 6:15-CV-869, in the United States District Court for the Southern District of Texas, resulting in the dismissal of his lawsuit.

However, as explained by the defendants this "missed deadline" occurred *after* Plaintiff filed his complaint challenging Board Policy 03.91 (rev. 3). Therefore, at the time he filed the instant lawsuit, he had alleged no injury with respect to his claim that he was denied access to the court. In addition, the defendants point out that Plaintiff's lawsuit in the Southern District of Texas was not dismissed because Plaintiff missed a deadline. Instead, the Houston court dismissed Plaintiff's lawsuit because he ignored the court's instruction to file a more definite statement and instead filed a frivolous motion for an injunction against the law librarian.

Furthermore, Board Policy 03.91 (rev. 3) has not denied Plaintiff access to the courts in this case. Indeed, Plaintiff has been able to file a multitude of legal documents in spite of the policy. As explained by Defendants, indigent offenders are provided additional correspondence supplies and postage for a legitimate reason as approved by the warden. Therefore, Plaintiff has failed to demonstrate any actual injury.

      2.    *General Mail*

Plaintiff also alleges Board Policy 03.91 (rev. 3) unconstitutionally interferes with his right to send general mail. The Court evaluated Board Policy 03.91 (rev. 3) under the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). In *Turner* the Supreme Court held that four factors are relevant in deciding whether a prison regulation affecting a constitutional right that survives incarceration withstands constitutional challenge: (1) whether the regulation has a valid, rational connection to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and (4) whether there are "ready alternatives" to the regulation.

The burden is not on the State to prove the validity of prison regulations but on the prisoner to disprove it. *Overton v. Bazzetta*, 539 U.S.126, 132 (2003) (citations omitted).

Inmates do not have a freestanding constitutional right to free postage. *Walker v. Davis*, 533 F. App'x 471 (5th Cir. 2013). Moreover, the summary judgment evidence demonstrates Board Policy 03.91 (rev. 3), with regard to indigent supplies and postage, serves the legitimate penological interests of controlling costs and hindering trafficking and trading. Defendants provide the Court with summary judgment evidence showing the decreased cost of indigent correspondence as a result of the revised policy. They additionally provide summary judgment evidence that the policy provides indigent inmates the supplies they need to correspond with the courts, family and friends and eliminates waste. Further, the summary judgment evidence shows the revised policy keeps the inmates from hoarding supplies and hinders their ability to trade those supplies. Eliminating the policy or providing unlimited correspondence supplies, as suggested by Plaintiff, is not a ready alternative. This would require the prison to reallocate scarce resources to offender correspondence and increase trafficking and trading of supplies in prison. The Court is satisfied the correspondence policy challenged by Plaintiff satisfies the *Turner* factors and withstands a constitutional challenge.

### III. CONCLUSION

Plaintiff fails to demonstrate Board Policy 03.91 (rev. 3), with regard to indigent correspondence supplies and postage, violates his First Amendment rights.

It is therefore **ORDERED** that Defendants' Amended Motion for Summary Judgment [#68] is **GRANTED**.

It is further **ORDERED** that Plaintiff's "Dispositive Motion" [#49] is **DENIED**.

**SIGNED** on February 13, 2017.

                              ROBERT PITMAN
                              UNITED STATES DISTRICT JUDGE